FILED

**NOT FOR PUBLICATION**

MAR 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE V. DEMARCO; JAMES P.
DEMARCO,

        Plaintiffs - Appellants,

    v.

EVEREST INDEMNITY INSURANCE
COMPANY, a Delaware company,

        Defendant - Appellee.

No. 08-56511

D.C. No. 8:07-cv-00022-DOC-
RNB

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and SEDWICK, [**]
District Judge.

    George DeMarco and James DeMarco (the "DeMarcos") appeal the district

court's grant of summary judgment in favor of Everest Indemnity Insurance

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

Company ("Everest") on the DeMarcos's claim that Everest had a duty to defend them in an arbitration with Interface Security Systems Holdings, Inc. ("Interface"). Interface bought most of the DeMarcos's stock in Greater Alarm, a business engaged in alarm installation, service and repair pursuant to a Stock Purchase Agreement ("SPA"), and later sued for breach of the Stock Purchase Agreement. Every allegation in the arbitration demand concerned the DeMarcos's alleged misrepresentations in the SPA.

We review a grant of summary judgment de novo. *State Farm Mut. Auto. Ins. Co. v. Davis*, 937 F.2d 1415, 1417 (9th Cir. 1991). The "first step in determining whether the duty to defend is triggered is to compare the allegations of the complaint . . . with the policy terms to see if they 'reveal a possibility that the claim may be covered by the policy.'" *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002) (quoting *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993)). "Once the insured makes a showing of potential coverage, the insurer may be relieved of its duty only when the facts alleged in the underlying suit 'can by no conceivable theory raise a single issue [that] could bring it within the policy coverage.'" *Id.* (quoting *Montrose Chem. Corp. v. Super. Ct.*, 861 P.2d 1153, 1159 (Cal. 1993)) (alteration in original). Although an "insurer owes a broad duty to defend its insured against claims that

2

create a potential for indemnity," *Horace Mann*, 846 P.2d at 795, courts "may not impose coverage by adopting a strained or absurd interpretation [of the complaint] . . . ." *Cunningham v. Universal Underwriters*, 120 Cal. Rptr. 2d 162, 173 (Ct. App. 2002) (citations omitted); *see also Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 630 (Cal. 1995).

Here, the relevant policy provides that Everest has a duty to defend against any suit seeking damages for an act, error or omission that "occurs in the conduct of the Named Insured's operations." Greater Alarm's "operations" are defined in the policy as residential and commercial burglar and fire alarm installation and monitoring, medical emergency systems installation and monitoring, "C.C.T.V. installation/service/repair," and access control.

Although some of the alleged misrepresentations were about Great Alarm's operations, negotiating the stock purchase was not "in the conduct of" those operations. *See Waller*, 900 P.2d at 627. Accordingly, we conclude that the arbitration demand does not "reveal a possibility" of coverage under the policy, and thus, Everest had no duty to defend.

**AFFIRMED.**

3

08-56511 DeMarco v. Everest Indemnity Insurance Co.

SEDWICK, District Judge, dissenting:

On the facts before us, I believe the majority's decision is contrary to California law, *Montrose Chemical Corp. v. Superior Court of Los Angeles County*, 6 Cal.4th 287 (1993); *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263 (1966), and misapprehends this court's own discussion of relevant California law in *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944 (9th Cir. 2002), so I respectfully dissent.